UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA ESQUEVEL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 2:19-cv-01017-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

Defendant Costco Wholesale Corporation ("Defendant") has submitted a Bill of Costs in the above-referenced matter, pursuant to 28 U.S.C. § 1920, following a grant of summary judgment in favor of Defendant on September 4, 2020. Defendant now seeks to recover costs in the amount of $8,122.78, and Plaintiff Alicia Esquevel ("Plaintiff") objects to that request. ECF Nos. 29, 30. The costs sought by Defendant relate to filing fees ($1,070), fees for service of summons and complaint ($3,911.40), and fees for printed or electronically recorded transcripts necessarily obtained for use in the case ($3,141.38). Bill of Costs, ECF No. 29, at 1. For the reasons set forth below, Defendant's Bill of Costs is GRANTED in part and DENIED in part.[1]

---

[1] The Court apologizes for the lengthy delay in issuing a decision on this matter. Additionally, the Court has received Defendant's Request for Hearing on the Bill of Costs. ECF No. 31. Because oral argument would not have been of material assistance, Defendant's Request is DENIED. See E.D. Local Rule 230(g).

1

**STANDARD**

Under Federal Rule of Civil Procedure 54(d), the prevailing party in a lawsuit "should be allowed" to recover its costs "[u]nless . . . a court order provides otherwise." Fed. R. Civ. P. 54(d). As this language suggests, the ultimate decision on whether to award costs is a matter within the court's discretion. Ass'n of Mexican-Am. Educators v. State of Cal., 231 F.3d 572, 591–92 (9th Cir. 2000). If the court declines to award costs as requested by the prevailing party, however, it should specify its reasons for doing so. Berkla v. Corel Corp., 302 F.3d 909, 921 (9th Cir. 2002). The Ninth Circuit has held that "a district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. The presumption itself provides all the reason a court needs for awarding costs." Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003). There consequently is a presumption that the prevailing party will be awarded costs.

**ANALYSIS**[2]

Plaintiff primarily seeks to set aside Defendant's Bill of Costs in its entirety because of her limited financial resources. See Pl.'s Objs., ECF No. 30, at 1–3. Alternatively, should the Court decide to award costs, Plaintiff argues that $7,013.30 of the requested costs are not recoverable. See id. at 4–6. The Court will first address the individual costs requested by Defendant, then Plaintiff's financial ability to pay.

**A.   Filing Fees**

Section 1920(1) permits a prevailing party to recover "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1). In this case, Defendant seeks reimbursement for filing

---

[2] Defendant did not submit a reply to Plaintiff's objections, therefore the only documents considered are the Bill of Costs, ECF No. 29, and Plaintiff's Objections thereto, ECF No. 30.

2

fees incurred in this action, specifically $585 for answering the complaint in state court and $400 for removing the matter to this Court, for a total of $985.[3] Jaime Decl., ECF No. 29, at 4; see also Ex. 1, id., at 8–10 (receipts of filing fees).  Plaintiff does not contest the $585 state court filing fee but challenges the $400 removal fee, arguing that this decision "was made by Defendant and was not necessary for their defense in this matter, as they had the option to litigate the case in the State Court, where it was originally filed." Pl.'s Objs., ECF No. 30, at 4.  However, removal filing fees are taxable as costs under § 1920(1).  See Rezaipour v. Cnty. of L.A., No. CV 12-05005-MWF (VBKx), 2015 WL 13762921, at *2 (C.D. Cal. Feb. 3, 2015) (rejecting plaintiff's argument that he should not have to pay the removal fee because of "something done by the County for 'tactical advantage.'").  Therefore, Defendant is entitled to receive $985 for both filing fees.

### B.  Fees for Service of Subpoenas

Fees for the service of summons and subpoena are generally recoverable under § 1920(1).  Section 1920(4) also allows for the recovery of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. 1920(4).  Here, Defendant seeks to recover $3,911.40 for "fees associated with subpoenas issued in this action." Jaime Decl., ECF No. 29, at 4.  Between May 2019 and July 2020, Defendant issued 31 subpoenas to various healthcare and medical facilities for the purpose of "obtain[ing] records related to Plaintiff's medical damages claims in order to value the claims made for potential settlement purposes and to prepare for trial in this matter." Id.; see also Ex. 2, id., at 12–48.  Plaintiff objects to this amount in its entirety, arguing that these subpoenas were "unnecessary as Plaintiff provided all of her medical documentation to the Defendant once in the pre-litigation stage of the case on January 31, 2019, and once more during

---

[3] This number contradicts the amount listed in the Bill of Costs ($1,070).  Compare Bill of Costs, ECF No. 29, at 1 ("Fees of the Clerk"), with Jaime Decl., ECF No. 29, at 4 ¶ 3.  Convenience fees totaling $85 were listed in addition to the $585 state court filing fee, but the receipt of payment shows that Defendant only paid $585. See Ex. 1, Jaime Decl., ECF No. 29, at 8–9.  Accordingly, the Court will consider whether Defendant is entitled to $985 in filing fees, not $1,070.

discovery, when it received Plaintiff's response to Defendant's requests for production on May 29, 2019." Pl.'s Objs., ECF No. 30, at 4–5 ("It was Defendant's sole and unnecessary decision to pay to reorder the identical documents directly from the providers.") (citing 28 U.S.C. § 1920(4)).

Although Plaintiff's medical status was at issue in this case, the Court cannot determine from the subpoena invoices whether Defendant issued subpoenas for records already provided by Plaintiff.  By declaration, Plaintiff's counsel states that Plaintiff provided all of her medical records and billing to Defendant twice during discovery. Bahari Decl., ECF No. 30, at 7 ¶ 4.  Accordingly, Plaintiff's objections are well taken and the Court declines to award Defendant the costs for service of subpoenas.

### C. Fees for Printed or Electronically Recorded Transcripts

Section 1920(2) allows for the recovery of "[f]ees for printed or electronically recorded transcripts <u>necessarily obtained for use in the case</u>." 28 U.S.C. § 1920(4) (emphasis added).  Defendant seeks to recover $3,141.38 for five deposition transcripts, stating that "[t]he requested costs were reasonable and necessary in the context of this litigation as the depositions taken were for plaintiff and defendant employees" Milton Dennis, Gathan Hayles, Regina Scott, and Todd Arvin.  Jaime Decl., ECF No. 30, at 6; <u>see</u> <u>also</u> Ex. 3, <u>id.</u>, at 50–56.  Plaintiff opposes this, contending that Defendant only used Plaintiff's deposition transcript, and not the other four depositions, in support of its motion for summary judgment.  Pl.'s Objs., ECF No. 30, at 5.  As such, Plaintiff contends that Defendant is only entitled to recover $524.48 in costs for her deposition.  <u>Id.</u>

"Ninth Circuit precedent is clear that a document need not be offered as evidence to have been necessarily obtained for use in the case."  <u>In re Ricoh Co., Ltd. Patent Litig.</u>, 661 F.3d 1361, 1369 (Fed. Cir. 2011) (citing <u>Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.</u>, 920 F.2d 587, 588 (9th Cir. 1990)).  "However, depositions that are purely investigative or merely for the convenience of counsel may not be taxed against the opposing party."  <u>Oyarzo v. Tuolomne Fire Dist.</u>, No. 1:11-cv-01271-SAB, 2014 WL 1757217, at *7 (E.D. Cal. Apr. 30, 2014).  "It is well settled that

depositions relied on at summary judgment are 'necessarily obtained for use in the case.'" Simons v. Costco Wholesale Corp., No. 3:18-cv-00755-SB, 2021 WL 1244309, at *4 (D. Or. Feb. 22, 2021).

Except for Plaintiff, the depositions of Dennis, Hayles, Scott, and Arvin were taken after Defendant's motion for summary judgment was filed on January 30, 2020, which included a declaration from Dennis. See Ex. 3, Jaime Decl., ECF No. 29, at 50–56; Dennis Decl., Def.'s Mot. Summ. J., ECF No. 13-6. Plaintiff requested through an ex parte application that the previously scheduled hearing date on said motion be continued by 60 days, explaining that she needed additional time to complete discovery (i.e., the depositions) before filing her opposition. See ECF No. 20, at 2–3 ("Even if these depositions go forward without any issues, Plaintiff would not be able to use the obtained information as the transcript would not be available prior to Plaintiff's deadline to oppose, or Plaintiff would not have the time to adequately implement the new information in her opposing papers."). This Court granted Plaintiff's ex parte application and continued the briefing deadlines and hearing date. ECF No. 22. Ultimately, in support of her opposition brief, Plaintiff attached four out of the five deposition transcripts (Plaintiff, Hayles, Scott, Arvin), but states that she provided all the transcripts to Defendant by email on May 28, 2020. See Exs. A–D, Bahari Decl. ISO Opp'n Mot. Summ. J., ECF No. 23-3; Pl.'s Objs., ECF No. 30, at 5. Defendant then referenced those four depositions in its reply briefing. See generally Def.'s Reply ISO Mot. Summ. J., ECF No. 24; Def.'s Response Pl.'s Statement of Undisputed Facts, ECF No. 24-1. However, Defendant requested all five deposition transcripts and all of them were shipped prior to the filing of Plaintiff's opposition. See Ex. 3, Jaime Decl., ECF No. 29, at 50–56.

The Court finds that all five deposition transcripts were necessarily obtained for use in the case. First, Defendant provided a declaration from Dennis in support of its motion for summary judgment. Plaintiff even stated that Dennis' deposition was necessary and that she needed additional time to complete it before the deadline to file

5

an opposition. See ECF No. 20, at 4–6. Given that Dennis was an important witness to both parties, Defendant was entitled to order a copy of his deposition transcript. Second, Plaintiff relied on Hayles, Scott, and Arvin's deposition transcripts in support of her opposition. "Plaintiff's reliance on [these] deposition[s] is enough to establish that Defendant was justified in ordering the transcript[s] of [those] depositions." Kaufman v. Geico Indem. Co., No. 3:13-cv-01932-HZ, 2015 WL 5167248, at *4 (D. Or. Sept. 3, 2015). As such, Defendant can recover costs on all five deposition transcripts.[4]

With that said, Defendant may only be awarded certain costs related to deposition transcripts. See Oyarzo, 2014 WL 1757217, at *8. For example, "costs for expediting transcripts, condensing the transcripts, and litigation support packages are not permitted." Flores v. FCA US LLC, No. 1:17-cv-0427-JLT, 2019 WL 6211367, at *16 (E.D. Cal. Nov. 21, 2019); see also Daniel v. Ford Motor Co., Civ. No. 2:11-02890 WBS EFB, 2018 WL 1960653, at *4 (E.D. Cal. Apr. 26, 2018) (finding that defendant may not recover "costs for rough drafts, expedited fees, CD litigation packages, ASCII disk or rough ASCII, e-transcripts, digital transcripts, or condensed transcripts, which appear to have been provided for the convenience of the attorneys, notwithstanding defendant's claims that all of these expenses were necessary . . .") (internal quotation marks omitted); Durham v. FCA US LLC, No. 2:17-cv-00596-JLT, 2020 WL 243115, at *14 (E.D. Cal. Jan. 16, 2020) (declining to award, in part, costs for condensed transcript, exhibit linking and scanning, and eDisks). This Court has also declined to award costs for court reporter appearance and delivery fees. See Blanton v. Cnty. of Sacramento, No. 2:09-cv-01832-MCE-CKD, 2013 WL 3283216, at *2 (E.D. Cal. June 27, 2013); Shook v. Town of Truckee, No. 2:06-cv-02865-MCE-EFB, 2009 WL 321273, at *1 (E.D. Cal. Feb. 9, 2009). Finally, costs listed as "Miscellaneous" are not allowed "as it is not clear whether these were necessary to obtain the transcripts." Daniel, 2018 WL

---

[4] Plaintiff argues that she emailed all deposition transcripts to Defendant on May 28, 2020, when she submitted her opposition papers, thus negating any need for Defendant to order them. Pl.'s Objs., ECF No. 30, at 5 (citing E.D. Local Rule 133(j)). However, there is nothing in the Local Rules or caselaw to suggest that a party must wait until that time to receive the transcripts.

1960653, at *4. Accordingly, the Court will only award Defendant costs for the certified copies of the deposition transcripts as follows:

> Milton Dennis Deposition: $190.80 (subtracting condensed transcript and process and delivery charges)
>
> Gathan Hayles Deposition: $1,072.80 (subtracting black and white exhibits, color exhibits, exhibit linking, condensed transcript, eDisk, and shipping and handling charges)
>
> Alicia Esquevel Deposition: $372.30 (subtracting half-day appearance, shipping and handling, black and white exhibits, Depolaunch, and miscellaneous charges)
>
> Regina Scott Deposition: $493.20 (subtracting telephonic surcharge, black and white exhibits, color exhibits, exhibit linking, condensed transcript, and processing and delivery charges)
>
> Todd Arvin Deposition: $342.00 (subtracting telephonic surcharge, black and white exhibits, color exhibits, exhibit linking, condensed transcript, and processing and delivery charges)
>
> Total: $2,471.10

In sum, the total amount of taxable costs that may be awarded to Defendant is $3,456.10 ($985 for filing fees, $2,471.10 for deposition transcript fees).

### D.     Other Factors

As previously indicated, Plaintiff states that, as a single mother supporting two adult special needs children and a 20-year-old adult son, she "would be financially unable to pay the costs itemized by the Defendant," a multi-billion-dollar corporation. Pl.'s Objs., ECF No. 30, at 2–3; see also Bahari Decl., ECF No. 30, at 7. "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247–48 (9th Cir. 2014); see also Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079–80 (9th Cir. 1999) (finding the district court abused its discretion when failing to consider, in part, the plaintiff's limited financial resources). The Ninth Circuit has approved denials of

///

awarding costs to a prevailing party in cases where the losing party has limited financial resources.  See Ass'n of Mexican-Am. Educators, 231 F.3d at 592.

Regarding Plaintiff's limited financial resources and the economic disparity between the parties, the Court finds both factors tip in Plaintiff's favor.  However, the Court finds only a minor reduction of costs is warranted in light of the general presumption that the prevailing party is awarded costs.  See, e.g., Santopietro v. Howell, No. 2:12-cv-01648-JCM-PAL, 2014 WL 6968070, at *3 (D. Nev. Dec. 9, 2014) (finding plaintiff's limited financial resources warranted a reduction of costs based on sufficient evidence that plaintiff would be unable to pay the full amount of costs taxed); Powell v. Adlerhorst Int'l, Inc., No. 3:14-cv-01827-MO, 2017 WL 1371269, at *3 (D. Or. Apr. 12, 2017) ("[E]conomic disparity alone is not necessarily sufficient to overcome the presumption in favor of awarding costs. If it were, every case that involved economically disparate parties would warrant the denial of costs, making the presumption somewhat meaningless.") (citations omitted).  Accordingly, Plaintiff is entitled to a minor reduction in costs and the Court will further reduce Defendant's award to $2,000.

## CONCLUSION

For the foregoing reasons, Defendant's Bill of Costs, ECF No. 29, is GRANTED in part and DENIED in part.  Costs are taxed in favor of Defendant in the reduced amount of $2,000.  This case remains closed.

IT IS SO ORDERED.

Dated:  July 13, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE